UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KYLE BENTON EVANS,

Plaintiff,

v. Case No.: 5:25-cv-48-SPC-PRL

CHRISTIAN ACEVEDO,
ZACHARY ROLLINS, and
RICHARD COMERFORD,[1]

Defendants.
_________________________________/

# ORDER

Before the Court are motions to dismiss filed by Defendants Christian Acevedo (Doc. 51) and Richard Comerford, Secretary of the Florida Department of Corrections (Doc. 41). Plaintiff Kyle Benton Evans responded in opposition to Acevedo's motion. (Doc. 56). However, Evans did not respond to Secretary Comerford's motion and also failed to respond to an order to show cause (Doc. 57) informing the parties that the motion would be treated as unopposed.

[1] Richard Comerford was automatically substituted as defendant for Ricky Dixon. (Doc. 58). *See* Fed. R. Civ. P. 25(d).

## I. Background

This is a civil rights case. The Court accepts as true the factual background as pled in the Third Amended Complaint in deciding whether Evans states a plausible claim.[2] *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198–99 (11th Cir. 2012). The Court previously dismissed Evans' Second Amended Complaint and afforded Evans an opportunity to amend.

Evans raises claims of excessive force in violation of the Eighth Amendment (Counts One and Four), supervisory liability (Count Seven), and state law claims of battery and assault (Counts Two, Three, Five, Six). (Doc. 48). The claims arise from two incidents of alleged excessive force occurring on July 18, 2023, and August 14, 2023, while Evans was incarcerated at Lake Correctional Institute in Lake County, Florida, a facility of the Florida Department of Corrections ("FDOC"). (*Id.* ¶ 5). Evans sues Correctional Officers Christian Acevedo and Zachary Rollins in their individual capacities and Richard Comerford, Secretary of the FDOC, in his official capacity. (*Id.* ¶ 9).

Regarding the July 18, 2023 incident, Officer Acevedo slammed Evans to the ground and then placed Evans in a chokehold. Evans alleges that this

---

[2] Evans is a transgender inmate who identifies as a woman. (Doc. 48 ¶ 2).

incident was prompted by Officer Acevedo using profanity while giving Evans a command after a disturbance in the unit where Evans was housed. (*Id.* ¶¶ 28–56).

As for the August 14, 2023 incident, Officer Rollins grabbed Evans and forced her out of a chair after Officer Rollins questioned why Evans was seated in a chair. Evans was then placed in leg restraints by Officer Acevedo, which Evans claims were too tight. (*Id.* ¶¶ 57–68)

Evans alleges her injuries include continued severe pain in the neck and numbness in her hands and fingers, extreme emotional distress, post-traumatic stress disorder, panic attacks, insomnia, loss of appetite, and referral for an inpatient mental health program. (*Id.* ¶ 7). For relief, Evans seeks compensatory damages, punitive damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988. (*Id.* ¶ 8).

## II. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

## III. Discussion

### A. State Law Claims Against Acevedo

Officer Acevedo moves to dismiss Evans' state law claims of battery and assault against him based on sovereign immunity.[3] (Doc. 51). In response, Evans contends the claims should not be dismissed because "any transgender woman with exposed breasts or sexual organs in a prison in Florida is subject to a higher level of sexual assault than other inmates" and that the FDOC has argued as much in another case. (Doc. 56 at 2–3) (citing *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1263 (11th Cir. 2020).

Officer Acevedo contends he is immune from the state law claims as governed by § 768.28 of the Florida Statutes. (Doc. 51 at 3). Florida law

[3] The motion does not address Evans' excessive force claim under 42 U.S.C. § 1983 against Officer Acevedo (Count Four).

immunizes state employees from being "held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function" unless they "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).

In screening Evans' original complaint and dismissing the same claims raised in Evans' Second Amended Complaint, the Court noted that "Officer Acevedo's responses to Evans' behavior could be viewed as necessary to both prevent damage to property and to quell a disturbance. Evans has failed to overcome the presumption of good faith on the part of Officer Acevedo." (Doc. 11 at 17; Doc. 47 at 5). Evans has added additional facts to her claims, including asserting she "had a well-founded fear of sexual assault given the fact that her breasts were exposed at the time of this altercation" (Doc. 48 ¶ 35) and "[t]he force used by Officer Acevedo was sadistically and maliciously applied for the very purpose of causing harm, because Officer Acevedo was acting out of anger over the comments from Evans" (*id.* ¶ 48). However, these additional facts do not change the Court's prior analysis: that the response to Evans' behavior could be viewed as necessary and that it fails to overcome the presumption of good faith afforded to Officer Acevedo.

Additionally, the Court has reviewed the *Keohane* case cited by Evans and concludes it is not relevant to the analysis here. *Keohane* was an Eighth Amendment deliberate indifference case regarding FDOC's "treatment of a transgender inmate's gender dysphoria." 952 F.3d at 1262. Although the Eleventh Circuit referenced the proposition that a transgender inmate's social-transitioning requests "presented serious security concerns—including, most obviously, that an inmate dressed and groomed as a female would inevitably become a target for abuse in an all-male prison[,]" it does not support a finding that Evans would be a target of Officer Acevedo, who is employed by the FDOC as a corrections officer.

Accordingly, Evans fails to state claims of Florida assault and battery against Officer Acevedo; Officer Acevedo's motion to dismiss is granted; and Counts Five and Six against Officer Acevedo are dismissed with prejudice.

**B. Claim against Secretary Comerford**

Evans failed to respond to Secretary Comerford's motion to dismiss, and the motion is subject to treatment as unopposed. *See* M.D. Fla. R. 3.01(d). But "even an unopposed motion does not automatically entitle the movant to relief. The district court still must assess the merits of the motion and determine whether relief is warranted under the applicable rules." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 671 (11th Cir. 2020).

The Court has reviewed the merits of Secretary Comerford's motion and determines it should be granted. Evans seeks only damages from Secretary Comerford. (Doc. 48 at 27). "[T]he Eleventh Amendment does not generally prohibit suits against state officials in federal court seeking only prospective injunctive or declaratory relief, but bars suits seeking retrospective relief such as restitution or damages." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1220 (11th Cir. 2000). The Eleventh Circuit has held that the FDOC secretary is immune from suit in his official capacity. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Additionally, liability under § 1983 may not be based on a theory of vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

Accordingly, Evans fails to state a claim against Secretary Comerford, and the motion to dismiss is granted.

## IV. Conclusion

For the reasons stated herein, Officer Acevedo's motion to dismiss (Doc. 51) and Secretary Comerford's motion to dismiss (Doc. 52) are granted. The Court dismisses Counts Five, Six, and Seven with prejudice.

Accordingly, it is now

**ORDERED:**

1. Officer Acevedo's Motion to Dismiss (Doc. 51) is **GRANTED**. Counts Five and Six of the Third Amended Complaint (Doc. 48 at 23–25) are **DISMISSED with prejudice**.
2. Secretary Comerford's Motion to Dismiss (Doc. 52) is **GRANTED**. Count Seven of the Third Amended Complaint (Doc. 48 at 26–27) is **DISMISSED with prejudice**.

**DONE AND ORDERED** in Fort Myers, Florida on September 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OCAP-2
Copies: All Parties of Record